

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 08-11402 |
| ASSOCIATED PRINTING | ) | |
| PROFESSIONALS, INC. | ) | |
| DEBTOR | ) | CHAPTER 11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING HEARING ON CONFIRMATION ON THE PLAN OF REORGANIZATION PROPOSED BY ASSOCIATED PRINTING PROFESSIONALS, INC.**

In accordance with Section 1125(f) of the Bankruptcy Code, on December 29, 2008, this Court held a hearing on the Debtor's Disclosure Statement filed on November 25, 2008, combined with a hearing on the confirmation of the Debtor's Plan of Reorganization dated November 25, 2008, as immaterially modified by that certain First Amended Plan of Reorganization dated December 24, 2008 (collectively the "**Plan**") filed by Associated Printing Professionals, Inc. ("**Debtor**"). Based upon the arguments of counsel for various parties in interest, the record of this bankruptcy case, and evidence introduced during the hearing, the following findings of fact and conclusions of law are

1

hereby entered in connection with the confirmation of the Plan.

## FINDINGS OF FACT

1. On May 21, 2008 Debtor voluntarily filed a petition for relief pursuant to Chapter 11 of Title 11, of the United States Code. Since that date, Debtor has continued to operate its business and manage its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Debtor operates a printing service in Shreveport, Louisiana.

2. On November 25, 2008, Debtor filed Motion for Entry of an Order to Conditionally Approve Disclosure Statement as to Debtor's Plan of Reorganization.

3. Debtor timely served copies of the (i) Notice of Confirmation Hearing, (ii) the Plan, (iii) the Disclosure Statement and (iv) Ballot and the instructions for casting a Ballot to all parties entitled to vote to accept or reject the Plan.

4. On December 24, 2008, the Debtor presented the *Report of Ballot Tabulation Respect to the Plan of Reorganization for Associated Printing Professionals, Inc. and the Unsworn Declaration from Debtor's Counsel* ("Tabulation Report") as evidence at the Confirmation Hearing attesting and certifying the results of the ballot tabulation for classes of claims entitled to vote on the Plan, as follows:

   a. The holder of Class 1 claims (National City Commercial Capital Company, LLC) is impaired. A vote is required. This class voted to accept the Plan.

   b. The holder of Class 2 claims (National City Commercial Capital Company, LLC) is impaired. A vote is required. This class voted to accept the Plan.

   c. The holder of Class 3 claims (Sterling National Bank) is impaired. A vote is required. This Class did not cast a ballot to accept or reject the Plan. By not casting a ballot, this Class is

2

08-11402 - #118  File 12/29/08  Enter 01/09/09 15:52:56  Main Document  Pg 2 of 9

deemed to have accepted the Plan. *Heins v. Ruti-Sweetwater, Inc.*, 836 F.2dc 1263 (10th Cir. 1988) (as a matter of law a non-voting, non-objecting creditor who is a member of a class that casts no votes is deemed to have accepted plan for purposes of Section 1129(a)(8) and 1129(b)).

    d.     The holder of Class 4 Claims (Team EPS a/k/a Electronic Prepress Sales, Inc.) is impaired. A vote is required. This class voted to Accepts the Plan.

    e.     The holder of Class 5 Claims (Bayview Loan Servicing, Inc.) is impaired. A vote is required. This class voted to **Reject** the Plan.

    f.     The holder of Class 6 Claims (GMAC Bank) is unimpaired. The holder of an Allowed Class 6 Claim is deemed to have accepted the Plan and is not entitled to vote to accept or reject the Plan.

    g.     The holder of Class 7 Claims (CIT/Group Equipment Financing, Inc.) is impaired. A vote is required. This class voted to accept the Plan.

    h.     The holder of Class 8 Claims (Citizens National Bank) is impaired. A vote is required. This class voted to accept the Plan.

    i.     The holder of Class 9 Claims (General Unsecured Creditors) is impaired. A vote is required. This class voted to accept the Plan.

    j.     The holder of Class 10 Claims (Equity Interests) is impaired. The holders of an Allowed Class 10 Claim will not receive anything of value under the Plan and, therefore, are deemed to have rejected the Plan. Debtor did not solicit votes from Class 10 Claim holders.

5.     The following creditors or parties in interest filed an objection to the Plan (collectively the "Objection"):

    a.     Bayview Loan Servicing, filed on December 22, 2008 (Docket No. 97);

3

b. Louisiana Department of Revenue filed on December 23, 2008 (Docket No. 98).

6. The Plan complies in all respects with the provisions of Section 1129(b) of the Bankruptcy Code, including the following:

a. <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, in satisfaction of Bankruptcy Code section 1129(a)(1).

b. <u>Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code. thereby satisfying Bankruptcy Code section 1129(a)(2). Specifically,

i. the Debtor is a proper debtor and proper proponent of the Plan under Bankruptcy Code sections 109 and 1121(a), respectively;

ii. the Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

iii. the Debtor has complied with applicable provisions of the Bankruptcy Code, the Bankruptcy rules and the Disclosure Statement Order in transmitting the Solicitation Packages and soliciting and tabulating votes with respect to the Plan.

c. <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor and its officers and directors have proposed the Plan in good faith and not by means forbidden by law. Thus, the Plan satisfies Bankruptcy Code section 1129(a)(3).

d. <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor for services or costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, has been approved by, or is subject to the approval of the Court, as reasonable, thereby satisfying Bankruptcy Code section 1129(a)(4).

e. <u>Directors and Officers (11 U.S.C. § 1129(a)(5))</u>. The Debtor has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a Plan with the Debtor or a successor to the Debtor under the Plan, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy, and the Debtor has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation of such insider.

f. <u>Best Interests of Creditors (11 U.S.C. § 1129(a)(7))</u>. With respect to each Class of impaired Claims or Equity Interests, either each holder of a Claim or Equity Interest of such class has

4

accepted the Plan, or will receive or retain under the Plan on account such Claim or Equity Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated on such date under Chapter 7 of the Bankruptcy Code; or if Section 1111(b)(2) of the Bankruptcy Code applies to the Claims of such Class, each holder of a Claim will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date of the Plan, that is not less than the value of such holder's interest in the Debtor estates' interest in the property that secures such Claims.

      g.      <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Classes 1, 2, 4, 7, 8 and 9 have voted to accept the Plan in accordance with Bankruptcy Code Sections 1126(c) and (d). Class 5 voted to reject the Plan. Class 3 did not vote and is deemed to have accepted the Plan. Class 6 did not vote and is deemed to have accepted the Plan because its treatment will be unaffected by the Plan. Class 10 did not vote because they shall receive no Distributions under the Plan and thus were deemed to reject the Plan.

      h.      <u>Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9))</u>. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that Allowed Administration Expense Claims and Allowed Other Priority Claims will be paid in full on the Effective Date; and that Allowed Priority Tax Claims will receive on the account of such Allowed Claims deferred cash payments, over a period not exceeding five years after the date of commencement date of this case, of a value, equal to the Allowed amount of such Claim, as of the Effective Date.

      i.      <u>Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10))</u> At least one Class of impaired Claims has accepted the Plan, determined without including any acceptance of the Plan by any insider holding a Claim of such Class.

      j.      <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan provides for distributions to creditors in accordance with the priority scheme of the Bankruptcy Code and the terms of the Plan. The Disclosure Statement and the evidence adduced at the Confirmation Hearing is persuasive, credible and uncontroverted; has not been challenged in the Objections or otherwise; is based on reasonable and sound assumptions; and establishes that the Plan is feasible, thus satisfying the requirements of Bankruptcy Code section 1129(a)(11). Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

      k.      <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. All fees payable under section 1930 of title 28 of the United States Code, as determined by the Court, have been paid or will be paid pursuant to the statute pursuant to Article II(A)(6) of the Plan, thus satisfying the requirements of Bankruptcy Code section 1129(a)(12).

      l.      <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. To the extent the Debtor is obligated to pay any "retiree benefits," as defined in Bankruptcy Code section 1114(a), such

obligations shall continue after the Effective Date. Thus, the Plan satisfies the requirements of Bankruptcy Code section 1129(a)(13).

7. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class, thereby satisfying Bankruptcy Code section 1123(a)(4). The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests.

8. <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. In addition to Administrative Claims, Priority Tax Claims, and United States Trustee fees, which need not be classified, the Plan designates 10 classes of Claims and Interests with respect to the Debtor. Valid business, factual and/or legal reasons exist for separately classifying the various Classes of Claims and Interests, and such Classes and the Plan's treatment thereof do not unfairly discriminate between the holders of Claims or Interests. The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

9. <u>Specify Unimpaired Classes and Interests (11 U.S.C. § 1123(a)(2))</u>. The Plan specifies that all the Classes of Claims that are impaired under the Plan, thereby satisfying Bankruptcy Code section 1123(a)(2).

10. <u>Specify Treatment of Impaired Classes and Interests (11 U.S.C. § 1123(a)(3))</u>. Article IV of the Plan specifies the Classes of Claims and Interests that are impaired under the Plan and specifies the treatment of the Claims and Interests in those Classes, thereby satisfying Bankruptcy Code section 1123(a)(3).

11. <u>Implementation of Plan (11 U.S.C. § 1129(a)(2))</u>. The Plan provides adequate and proper means for its implementation, thereby satisfying Bankruptcy Code section 1123(a)(5).

12. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. The Debtor has solicited votes on the Plan in good faith and in compliance with the Disclosure Statement Order and applicable provisions of the Bankruptcy Code, and are entitled to the protection afforded by Bankruptcy Code section 1125(e).

13. With respect to a class of secured claims, the Plan provides:

(i). that the holders of such claims retain liens securing such claims, whether property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(ii). that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in the estate's interest in such property;

14. With respect to a class of unsecured claims:

(i). the Plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or

(ii). the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such claim junior claim or interest any property.

15. With respect to a class of interests:

(i). the Plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the Effective Date of the Plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, or the value of such interest; or

(ii). the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such claim junior interest any property.

16. Debtor is capable of paying or otherwise performing the obligations assumed under the Plan and the Plan is feasible.

17. The modifications to the Plan made in the Plan do not materially adversely affect the

treatment of any Claims or Interests in any Classes under the Plan. Accordingly, pursuant to Bankruptcy Rule 3019, the Plan does not require any additional disclosure under Bankruptcy Code section 1125 or any solicitation of votes under Bankruptcy Code section 1126, nor does it require that holders of Claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

## CONCLUSIONS OF LAW

18. The provisions contained in Article XI of the Plan regarding retention of jurisdiction of this Court are consistent with all applicable law.

19. The Plan classifies claims and interests in a manner consistent with the operation of Section 1122 of the Bankruptcy Code.

20. The Plan contains all the requirements embodied in Section 1123 of the Bankruptcy Code.

21. The Plan complies with Section 510(c) of the Bankruptcy Code.

22. All provisions of the Plan regarding the use, sale or lease of property comply with Sections 363 of the Bankruptcy Code.

23. Debtor complied with the requirements of Section 365 of the Bankruptcy Code in connection with the assumption and rejection of all executory contracts.

24. Debtor and its attorneys, accountants and other professionals have acted in good faith in the solicitation of acceptances of the Plan. Hence, such persons and entities are entitled to the full protection afforded pursuant to Section 1125(e) of the Bankruptcy Code.

25. Pursuant to Bankruptcy Rule 3019, all required classes of Claims against and Interests in the Debtor who voted in favor of the Plan are deemed to have accepted the Plan as modified at the

confirmation hearing.

26. The Plan and its proponents have complied with the requirements of Section 1125 of the Bankruptcy Code.

###

**ORDER PREPARED BY:**
John S. Hodge, Bar No. 18951
Wiener, Weiss & Madison
P.O. Box 21990
Shreveport, Louisiana 71120-1990